IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER INC., FOLDRX PHARMACEUTICALS, LLC, PF PRISM IMB B.V., WYETH LLC, and THE SCRIPPS RESEARCH INSTITUTE,<br><br>Plaintiffs,<br><br>v.<br><br>AUROBINDO PHARMA LIMITED,<br><br>Defendant. | C.A. No. _____ |

# COMPLAINT

Plaintiffs Pfizer Inc.; FoldRx Pharmaceuticals, LLC; PF PRISM IMB B.V.; Wyeth LLC; and The Scripps Research Institute (referred to collectively herein as "Plaintiffs") file this Complaint for patent infringement against Aurobindo Pharma Limited ("Aurobindo"), and by their attorneys, hereby allege as follows:

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, that arises out of Aurobindo's submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import a generic version of Vyndaqel® (tafamidis meglumine) 20 mg capsules prior to the expiration of U.S. Patent Nos. 7,214,695 ("the '695 patent") (attached as Exhibit A).

2. Aurobindo notified Pfizer by letter dated July 10, 2023 ("Aurobindo's Notice Letter") that it has submitted to the FDA ANDA No. 218617 ("Aurobindo's ANDA"), seeking

approval from the FDA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of generic tafamidis meglumine 20 mg capsules ("Aurobindo's ANDA Product") prior to the expiration of the '695 patent.

## PARTIES

3. Plaintiff Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 66 Hudson Boulevard East, New York, NY 10001.

4. Plaintiff FoldRx Pharmaceuticals, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business at 66 Hudson Boulevard East, New York, NY 10001. FoldRx Pharmaceuticals, LLC is the holder of New Drug Application ("NDA") No. 211996 for the manufacture and sale of tafamidis meglumine 20 mg capsules, which has been approved by the FDA. FoldRx Pharmaceuticals, LLC is a wholly owned subsidiary of Pfizer Inc.

5. Plaintiff PF PRISM IMB B.V. is a private limited company (*besloten venootschap*) organized under the law of the Netherlands, having its registered seat in Rotterdam, the Netherlands, and having its business address at Rivium Westlaan 142, 2909 LD, Cepelle aan den IJessel, the Netherlands.

6. Plaintiff Wyeth LLC is a limited liability company organized and existing under the laws of the State of Delaware with offices at 66 Hudson Boulevard East, New York, NY 10001.

7. Plaintiff The Scripps Research Institute is a nonprofit public benefit corporation organized and existing under the laws of the State of California, with a registered address at 10550 North Torrey Pines Road, La Jolla, CA 92037.

8.    Upon information and belief, defendant Aurobindo is a company organized and existing under the laws of India, with its principal place of business at Plot No. 2, Maitrivihar, Amerpeet, Hyderabad-50038, Telangana, India.

9.    Upon information and belief, Aurobindo knows and intends that upon approval of Aurobindo's ANDA, Aurobindo will manufacture and directly or indirectly market, sell, and distribute Aurobindo's ANDA Product throughout the United States, including in Delaware.

## JURISDICTION AND VENUE

10.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

11.   Aurobindo is subject to personal jurisdiction in Delaware because, among other things, Aurobindo has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Upon information and belief, Aurobindo, itself and through its agents develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Plaintiffs' claims, and/or has engaged in continuous and systematic business contacts within the State of Delaware.

12.   Upon information and belief, if Aurobindo's ANDA is approved, Aurobindo will directly or indirectly manufacture, market, sell, and/or distribute Aurobindo's ANDA Product within the United States, including in Delaware, consistent with Aurobindo's practices for the marketing and distribution of other generic pharmaceutical products. Upon information and belief, Aurobindo regularly does business in Delaware, and its practices with other generic products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. Upon information and belief, Aurobindo's generic pharmaceutical

products are used and/or consumed within and throughout the United States, including in Delaware. Upon information and belief, Aurobindo's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of the activities would have a substantial effect within Delaware and would constitute infringement of the '695 patent in the event that Aurobindo's ANDA Product is approved before the '695 patent expires.

13. Upon information and belief, Aurobindo derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and that are manufactured by Aurobindo and/or for which Aurobindo is the named applicant on approved ANDAs. Upon information and belief, various products for which Aurobindo is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

14. Alternatively, the Court may exercise personal jurisdiction over Aurobindo pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Plaintiffs' claims arise under federal law; (b) Aurobindo would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Aurobindo has sufficient contacts with the United States as a whole, including but not limited to filing an ANDA with the FDA and manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, such that the Court's exercise of jurisdiction over Aurobindo satisfies due process.

15. Venue is proper in this district as to Aurobindo pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Aurobindo is a corporation organized and existing under the laws of India and is subject to personal jurisdiction in this judicial district.

## FACTUAL BACKGROUND

16. Plaintiff FoldRx Pharmaceuticals, LLC is the holder of New Drug Application No. 211996 for Vyndaqel®, which has been approved by the FDA.

17. Vyndaqel® is approved for the treatment of the cardiomyopathy of wild-type or hereditary transthyretin-mediated amyloidosis in adults to reduce cardiovascular mortality and cardiovascular-related hospitalization.

18. Vyndaqel® contains tafamidis meglumine as its active ingredient.

19. Aurobindo's ANDA Product is a generic version of Vyndaqel®.

20. Plaintiffs are filing this Complaint within forty-five days of receipt of Aurobindo's Notice Letter.

## COUNT I – INFRINGEMENT OF THE '695 PATENT

21. Plaintiffs incorporate each of the preceding paragraphs 1–20 as if fully set forth herein.

22. The '695 patent, titled "COMPOSITIONS AND METHODS FOR STABILIZING TRANSTHYRETIN AND INHIBITING TRANSTHYRETIN MISFOLDING" (attached as Exhibit A), was duly and legally issued on May 8, 2007.

23. The inventors named on the '695 patent are Jeffrey W. Kelly, Evan T. Powers, and Hossein Razavi.

24. The Scripps Research Institute is the assignee of the '695 patent.

25. Plaintiffs together own all substantial rights in the '695 patent.

26. Vyndaqel® is covered by one or more claims of the '695 patent, including claims 1–9, and the '695 patent has been listed in *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") in connection with Vyndaqel®.

27. For example, claim 3 of the '695 patent recites "[t]he compound of claim 1 that is 2-(3,5-Dicholoro-phenyl)-benzoxazole-6-carboxylic acid," which covers tafamidis meglumine and Vyndaqel®.

28. In Aurobindo's Notice Letter, Aurobindo notified Plaintiffs of the submission of Aurobindo's ANDA to the FDA. The purpose of this submission was to obtain, *inter alia*, approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Aurobindo's ANDA Product prior to the expiration of the '695 patent.

29. In Aurobindo's Notice Letter, Aurobindo also notified Plaintiffs that, as part of its ANDA, Aurobindo had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355(j)(2)(B)(iv), with respect to the '695 patent. Aurobindo submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '695 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Aurobindo's ANDA Product.

30. Aurobindo's ANDA Product and the use of Aurobindo's ANDA Product (including in accordance with and as directed by Aurobindo's proposed labeling for Aurobindo's ANDA Product) are covered by at least claims 1–9 of the '695 patent.

31. For example, claim 3 of the '695 patent recites "[t]he compound of claim 1 that is 2-(3,5-Dicholoro-phenyl)-benzoxazole-6-carboxylic acid," which covers tafamidis meglumine and Vyndaqel®.

32. In Aurobindo's Notice Letter, Aurobindo states that its ANDA Product contains tafamidis meglumine.

33. In Aurobindo's Notice Letter, Aurobindo did not contest the infringement of claim 1 of the '695 patent on any basis other than the alleged invalidity of that claim.

34. Aurobindo's submission of Aurobindo's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Aurobindo's ANDA Product before the expiration of the '695 patent was an act of infringement of the '695 patent under 35 U.S.C. § 271(e)(2)(A).

35. Upon information and belief, Aurobindo will engage, directly or indirectly, in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Aurobindo's ANDA Product immediately and imminently upon approval of Aurobindo's ANDA.

36. The manufacture, use, sale, offer for sale, or importation of Aurobindo's ANDA Product would infringe one or more claims of the '695 patent, including claims 1–9 of the '695 patent.

37. The manufacture, use, sale, offer for sale, or importation of Aurobindo's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '695 patent, including claims 1–9 of the '695 patent.

38. Upon information and belief, Aurobindo plans and intends to, and will, actively induce infringement of the '695 patent when Aurobindo's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Aurobindo's activities will be done with knowledge of the '695 patent and specific intent to infringe that patent.

39. Upon information and belief, Aurobindo knows that Aurobindo's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '695 patent, that Aurobindo's ANDA Product is not a staple article or commodity of commerce, and that Aurobindo's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Aurobindo plans and intends to, and will,

contribute to infringement of the '695 patent immediately and imminently upon approval of Aurobindo's ANDA.

40. Notwithstanding Aurobindo's knowledge of the claims of the '695 patent, Aurobindo has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Aurobindo's ANDA Product with their product labeling following FDA approval of Aurobindo's ANDA prior to the expiration of the '695 patent.

41. The foregoing actions by Aurobindo constitute and/or will constitute infringement of the '695 patent; active inducement of infringement of the '695 patent; and contribution to the infringement by others of the '695 patent.

42. Upon information and belief, Aurobindo has acted with full knowledge of the '695 patent and without a reasonable basis for believing that it would not be liable for infringement of the '695 patent; active inducement of infringement of the '695 patent; and/or contribution to the infringement by others of the '695 patent.

43. Plaintiffs will be substantially and irreparably damaged by infringement of the '695 patent.

44. Unless Aurobindo is enjoined from infringing the '695 patent, actively inducing infringement of the '695 patent, and contributing to the infringement by other of the '695 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '695 PATENT

45. Plaintiffs incorporate by reference each of the preceding paragraphs 1–44 as if fully set forth herein.

46. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on one

hand and Aurobindo on the other regarding Aurobindo's infringement, active inducement of infringement, and contribution to the infringement by others of the '695 patent, and/or the validity of the '695 patent.

47.  An actual case or controversy exists between Plaintiffs and Aurobindo with respect to Aurobindo's liability for infringement of the '695 patent.

48.  The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Aurobindo's ANDA Product will infringe, induce infringement, and actively contribute to the infringement of the '695 patent.

\*   \*   \*

WHEREFORE, Plaintiffs request the following relief:

(a)  A judgment that the '695 patent has been infringed under 35 U.S.C. § 271(e)(2) by Aurobindo's submission to the FDA of Aurobindo's ANDA;

(b)  A judgment ordering that the effective date of any FDA approval of commercial manufacture, use, offer for sale, sale or importation of Aurobindo's ANDA Product, or any other drug product that infringes or the use of which infringes the '695 patent, be not earlier than the expiration dates of said patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c)  A preliminary and permanent injunction enjoining Aurobindo, and all persons acting in concert with Aurobindo, from the commercial manufacture, use, sale, offer for sale, or importation in the United States of Aurobindo's ANDA Product, or any other drug product covered by or whose use is covered by the '695 patent prior to the expiration of said patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d) A judgment declaring that the commercial manufacture, use, sale, offer for sale, or importation of Aurobindo's ANDA Product, or any other drug product covered by or whose use is covered by the '695 patent, prior to the expiration of said patent, will infringe, induce the infringement of, and contribute to the infringement by others of said patent;

(e) A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(f) Costs and expenses in this action; and

(g) Such further relief and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

_____
Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Thomas H.L. Selby
Stanley E. Fisher
Seth R. Bowers
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000
tselby@wc.com
sfisher@wc.com
sbowers@wc.com

August 23, 2023